I can't please inform you that Max Ray has defended Dobson in this social security disability case. The claim alleges that she meets Listing 1.02a following multiple knee surgeries. She argues that her inability to ambulate effectively is established based on the Administrative Law Judge's residual function in past defindings and requires work that does not require ambulation on uneven ground. The relevant listing rule is on page 20 of the blue brief. I've quoted the whole rule. In the defendant's brief, only the top part was quoted in their argument, but you can see the whole rule here. The first section says that a person who can ambulate independent ambulation without basically two canes or crutches that would occupy both hands does not have canes or crutches that limits both hands. So the question is, can she ambulate independently? And for that... If there are two canes, two crutches, the problem is, what do we do with people like Ms. Dobson that don't have two canes or two crutches? And that's where we come to the second paragraph of the definition in the listing. I, of course... The purpose of the second paragraph of the definition of inability to ambulate effectively is to address those cases like claimant where we're not dealing with two canes or two crutches. There, the commissioner is interested in making sure that a person can carry out activities of daily living, travel to and from employment without someone to assist them, and the commissioner gives specific examples of circumstances where if a person isn't able to do this well, they meet the definition. And one of those is inability to walk a block at a reasonable pace. If the ALJ individual functional capacity assessment is given credit where he says no such work, then claimant would contend that this example is satisfied. Therefore, she meets the listing. I'm very sorry to interrupt. Would you like to... Never mind the time. We've messed up the time. Would you mind making your last point again?  Thank you. The two-paragraph ruling, the two-paragraph listing definition of inability to ambulate effectively, the first paragraph says if you can independently, if you have independent ambulation without two canes, two crutches, then you don't qualify. Well, the question is, what is independent ambulation? The second paragraph is what helps us with that. There the commissioner concerns that a person be able to carry out their activities of daily living and travel to and from employment, and the commissioner gives examples of when a person's ability to ambulate is not at a sufficient level that they would be considered independent in ambulation. One of those examples is inability to walk a block at a reasonable pace on rough or uneven surfaces. Now, falling into the second paragraph is for those folks who do not have two canes or two crutches, because if you're using two canes or two crutches, you're in under the first paragraph, and there's no need to talk about whether you have independent ambulation. So where did the ALJ go wrong here? The ALJ was focusing on the canes, not on the ambulation. In his discussion at transcript 14 and 15, he said there's no evidence to docu record the canes as medically necessary. The canes did not limit function of both upper extremities. He made the error of going down and reading both paragraphs together and seeking guidance regarding what independent ambulation is that the second paragraph provides. Now, is there evidence in the record that would support this, that the second paragraph applies here, or that she could meet the second part? There is evidence regarding the claimant's various complaints and symptoms. She testified specifically at the hearing that she wasn't able to ambulate on uneven ground. But even more significant than that, the administrative law judge made the specific finding that her work could not include uneven ground ambulation. And so if we, you know, were left with the ALJ's findings, and the claimant's contention is that that finding gives us the piece that we need. But there's a difference between asserting a limitation about walking on uneven ground and walking on it. You're kind of collapsing the two. I recognize that that argument has been made, and one could make that argument. But the residual functional capacity assessment said that a person needs work that does not require the ability to ambulate on uneven ground. The judge didn't say occasional uneven ground, as he did with stairs or some of the other restrictions. He said work doesn't require this. I suggest that that means that she can't do it. In any event, we can tell that the judge was focusing on the cane, and the cane is not the criteria when you move to the second paragraph of the definition. And you're just asking for a remand, for reconsideration of that issue. Is that correct? No, Your Honor. If we rely on the ALJ's residual functional capacity assessment as showing that she cannot walk on uneven ground, then it ought to be an outright award. If you find that it's ambiguous and that the judge didn't properly consider the criteria, then it would be a remand. But the claimant's position is that there isn't ambiguity because of the finding that the judge actually did. Thank you. Good morning. May it please the Court. My name is Joanne D'Antonio on behalf of the Social Security Administration. We have to remember that in this case, Ms. Dobson, as the claimant, has the burden of proof at Step 3, which is where she has argued she meets a listing and therefore is presumptively disabled. When asked what evidence shows that she does meet a listing, by her proposition that she's unable to emulate on uneven ground for one block, they're unable to point to anything other than to say, generally there's some medical evidence that shows she can't, and her testimony sets it out. Well, the testimony was found not to be credible by the ALJ, which was a decision that was not appealed, and the ALJ also evaluated the medical evidence, and there's been no appeal or assignment of error on his evaluation of the medical evidence. The only medical evidence that indicates that she has any inability to walk on uneven surfaces is Dr. Siegel's opinion that basically says that she is limited in walking on uneven ground. What Ms. Dobson has attempted to do is to take the ALJ's RFC assessment that says, in context, she is limited to walking or standing for two hours in an eight-hour day, and included in those limitations says she's not to walk on uneven ground. If we read this together, he is not making a finding that she's unable to walk one block on uneven ground. He's indicating she can walk for two out of those two hours. She should not be walking on uneven ground. So we have no evidence, either medical evidence or other evidence, in the record that meets this listing that Ms. Dobson is contending that she does. There is no reason for a remand in this case. The ALJ is not required, nor has Ms. Dobson pointed to any authority that requires the ALJ to go through. Could you clarify for me, is it your argument that the ALJ correctly understood how to apply this particular listing? Absolutely. Or is it your argument that on the factual evidence, the record here, it doesn't support application of the listing? I think it's both. Because I read the ALJ's decision, it looks to me like she was focusing on use of two arms. Correct. You know, a walker or two canes or two crutches. Correct. And the reason for that we can see is because there is the least evidence in the record that she was using a cane. Now, mind you, there was no prescription for a cane. That doesn't seem to be central. I'm sorry? That doesn't seem to be central. No. So looking at the fact that the only thing she's putting forth that would possibly meet the listing is the use of a cane, he looks at that and focuses on that and specifically addresses that.  And there's no requirement that he has to go through every example in a listing to say that she doesn't meet that. Basically, the requirement is that he consider the medical evidence and he set forth that he has considered that. There was absolutely no evidence to show that she was unable to walk for one block. So the ALJ didn't go into it. Except for the opinion of the doctor. What was it? Stiegel or Siegel? Siegel. Siegel, I think it was. His was not specifically that she was unable to walk for one block. And that is the specifics in the listing. And the reason for that is because this is an extreme limitation. This is not just that I limp or that I need a cane. This is that this person cannot basically function to work or to do their daily livings. Daily activities of daily living. And we just don't have that here. And they're trying to take one finding and juxtapose it into another and it just doesn't fit. The fact that she's unable to walk for two hours on uneven surface does not mean she's unable to walk one block. And the bottom line is that she does have the burden of proof. She has been unable to meet that burden of proof. And the ALJ's finding that she does not meet a listing should stand. Unless there's any other questions, that's all I have. Okay. Thank you very much, Mr. Wright. I would respond only to the suggestion that credibility has been called into question. That is correct, that the judge found that she was not entirely credible. But that's resolved out because the credibility calculus went into determining the residual functional capacity. Notwithstanding any concerns that the judge may have had regarding her overall credibility, his end finding was, as expressed in his residual functional capacities assessment, that she was limited to work which did not require ambulation on uneven ground. Okay. Credible or not, that's where he comes out as far as her capacity to function. Unless the Court has questions. Thank you, Mr. Wright. Counsel, the matter just argued will be submitted. We will next hear argument in house. It's better. A little bit. I can still hear it. A little bit. Okay.
judges: Rymer, Nelson, Paez